OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. W. Talbot
County Attorney
Bastrop, Texas

Dear Sir:

Opinion No. O-3645
Re: Additional license fee
of commercial vehicle
should be paid in county
of owner's residence.

   This will acknowledge receipt of your letter of May 31, 1941, in which you submit for an opinion of this department, the question:

   "Where a commercial motor vehicle has been registered and licensed in the County of owner's residence, may said owner pay additional weight fee for raising load limit, in County other than his residence, said vehicle then and there being stationed and operated in a county other than that of said owner's residence?"

   You advise that a common carrier, a corporation, having its principal office in Travis County, Texas, has heretofore registered its trucks in Travis County but that at present such corporation has certain equipment which is now being operated over the roads of Bastrop County. You state that some of such equipment is stationed in and is operated in Bastrop County, Texas.

   For the purpose of this opinion, we assume that the control and management of such equipment remains in the hands of the corporation in Travis County, Texas.

   That part of Article 6675a-2 of the Revised Civil Statutes of Texas, pertinent to the question before us, reads:

   "Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. W. Talbot, Page 2

public highways of this State, and each chauf-
feur, shall apply each year to the State High-
way Department through the County Tax Collector
of the county in which he resides for the regis-
tration of each such vehicle owned or controlled
by him, or for a chauffeur's license, for the
ensuing or current calendar year or unexpired
portion thereof * * *."

Construing such statute, we held in our opinion No.
0-1950 that a corporation should register its equipment in the
county of its residence. Our opinion No. 0-1023 construed the
word "residence" to be synonymous with domicile. The domicile
of a corporation is the place of its principal office.

The corporation involved in your inquiry, having here-
tofore paid license fees on the equipment involved to the Tax
Collector of Travis County, Texas, has established the ownership
and control of such equipment as being in the corporation. Hav-
ing so established ownership in the corporation, and the owner
residing in Travis County, Texas, we believe that the additional
filing fees should be paid in Travis County, Texas, and you are
so advised.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By
Lloyd Armstrong
Assistant

LA:RS

